23 C.C.P.A.(Patents)

## CRACKER JACK CO. v. BLANTON CITRUS GROWERS, Inc.

### Patent Appeal No. 3584.

Court of Customs and Patent Appeals.

Feb. 17, 1936.

Harry L. Clapp and Cyril A. Soans, both of Chicago, Ill. (Thomas L. Mead, Jr., of Washington, D. C., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding wherein the Commissioner of Patents of the United States Patent Office affirmed a decision of the Examiner of trade-mark interferences dismissing the notice of opposition filed by appellant upon the ground that the goods to which the respective marks are applied are not goods of the same descriptive properties. From such decision, this appeal was taken.

On March 26, 1932, appellee filed an application under the Trade-mark Act of February 20, 1905, as amended (15 U.S. C.A. § 81 et seq.), for the registration of its mark "Cracker Boy" applied to fresh citrus fruits. Thereafter appellant filed its notice of opposition to the registration of said mark, alleging prior registrations of the mark "Cracker Jack" as follows: Certificate No. 28,016, March 24, 1896, certificate No. 66,414, November 26, 1907, renewed November 26, 1927, and certificate No. 197,337, April 14, 1925. The 1896 registration was for confectionery generally; the other registrations were limited to candied popcorn, and the last registration included the figure of a boy. Said notice of opposition further alleged that said mark has been used since 1896 upon a popcorn confection and is applied to cartons containing the same; that the goods to which the respective marks are applied are of the same descriptive properties; that the marks are confusingly similar; and that appellant would be damaged by the registration of said mark "Cracker Boy" by appellee.

The answer of appellee denied that the goods are of the same descriptive properties, and denied that its mark so closely resembles the mark of appellant as to be likely to cause confusion and mistake in the mind of the public.

No testimony was taken in the case, but it was submitted to the Examiner of trade-mark interferences upon a stipulation of facts from which it appears that appellant and its predecessor have used the mark "Cracker Jack" on a popcorn confection continuously since 1896; that said mark was registered in the United States Patent Office long prior to the earliest use of the mark "Cracker Boy" by appellee; that such confection is packed and sold in small cartons at a retail price of not more than 5 cents, and that most of the

purchasers of the confection are children; that it is sold in grocery, confectionery, and fruit stores and stands, and by other dealers who also display and sell citrus fruits.

The stipulation further recites that appellee sells its fruit under the "Cracker Boy" mark, the mark being applied to a box of citrus fruit eighty pounds in weight and in no smaller quantity; that while it is the practice of some dealers to stamp or brand citrus fruits with trade-names or trade-marks, or apply the same to individual wrappers on the fruit, such has not been the practice of appellee.

We would observe, however, that the application of appellee states:

"The trade mark is applied or affixed to the goods, or to· the packages containing the same by means of a printed label on which the trademark is shown."

Appellee does not claim use of its mark prior to November 15, 1931, so that if the goods to which the respective marks are applied are of the same descriptive properties, and if the marks are confusingly similar, the notice of opposition of appellant should be sustained.

In his decision the Commissioner of Patents stated:

" * * * In my opinion these items do not possess the same descriptive properties, and do not belong to the same class. Moreover, their appearance and the method in which they are marketed are entirely dissimilar. The confection is sold to the consumer in small cartons to which the mark is applied. The fruit is displayed for sale unpackaged and unmarked, the label being affixed only to the large packing boxes in which shipment is made to the retailer. These are considerations of the utmost importance in resolving the question of probable confusion; and each case must be determined on its own facts. * * *"

In the case of The B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F. (2d) 99, 103, 17 C.C.P.A. (Patents) 1068, this court, construing the terms "same class" and "same descriptive properties" as found in said Trade-Mark Act (section 5, as amended [15 U.S.C.A. § 85]), stated:

"The words 'same class' and 'same descriptive properties' were intended to be given a limited or an extended meaning and application, according to whether or not the use of identical or similar trademarks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. And, of course, in this connection, the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered."

The foregoing has become the established rule declared by this court and followed in many cases. Applying such rule to the facts before us, we have no hesitation in holding that the goods of the respective parties are not goods of .the same descriptive properties. We think no one purchasing citrus fruits to which appellee's mark is applied would be likely to conclude that they had the same origin as the popcorn confection to which appellant's mark is applied. Even a child purchasing an orange with the trade-mark "Cracker Boy" applied to it would not be likely to conclude that the orange was grown or packed by appellant because of the mark "Cracker Jack" applied to a popcorn confection.

We think it proper to observe that the registration of the mark "Cracker Jack" in 1896 was for confectionery generally. Inasmuch as the only claim of appellant is that its mark "Cracker Jack" is used upon a popcorn confection, and the only issue raised before the Patent Office tribunals and here is whether such popcorn confection and fresh citrus fruits are goods of the same descriptive properties, we do not find it necessary to determine the materiality of said registration of 1896. We merely have determined the issue before us, viz., that a popcorn confection and fresh citrus fruits are not goods of the same descriptive properties.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, J., concurs in the conclusion.